IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN SANTIAGO PIZHA-DUCHI,

    Petitioner,

v.     No. 1:26-cv-00240-KG-LF

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Bryan Santiago Pizha-Duchi's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Because his challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### *I.   Background*

Mr. Pizha-Duchi, a citizen and native of Ecuador, entered the United States in 2018 "without inspection." Doc. 1 at 7. He "was apprehended and later released." *Id.* Respondents "detained Petitioner in Minnesota on or about January 5, 2026." *Id.* Mr. Pizha-Duchi "has no criminal history." *Id.* at 8. He is "presently held" in Immigrations and Customs Enforcement ("ICE") custody at the Torrance County Detention Facility in Estancia, New Mexico. *Id.*

### *II.   Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

1

### III.   Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Pizha-Duchi's detention, (B) his detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.   *Section 1226 governs Mr. Pizha-Duchi's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Id.* at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court concludes that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.).  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the

United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A).  *Pu Sacvin*, 2025 WL 3187432, at *3.  The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission."  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  The Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Pizha-Duchi's detention.  Mr. Pizha-Duchi entered the United States in 2018.  Doc. 1 at 7.  ICE arrested him eight years after his initial entry and did not apprehend him at or near the border.  *Id.*  Accordingly, § 1225's mandatory detention provision "does not apply" because Mr. Pizha-Duchi "already effected an entry" into the United States by living here for years.  *Nava Hernandez*, 2025 WL 2996643, at *5; *see also Salazar*, 2025 WL 2676729, at *4.  Indeed, the Government concedes that the facts of this case are "substantially similar" to those in *Patel v. Noem,* 2026 WL 103163 (D.N.M.), where this Court concluded that the petitioner was detained pursuant to § 1226.  Doc. 6 at 2.

**B.     *Mr. Pizha-Duchi's detention violates his right to due process.***

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution."  *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).  To start, Mr. Pizha-Duchi has a protected liberty interest.  Once released from immigration detention, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond."  *Danierov*, 2026 WL 45288, at *2.  Over the past eight years years, Mr. Pizha-Duchi's freedom has allowed "him to do a wide range of things," including to live at home,

work, and "be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Mr. Pizha-Duchi was also entitled to procedural safeguards before he was redetained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, Mr. Pizha-Duchi's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). There is also a significant risk of erroneous deprivation. Although ICE may revoke release "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before it does so. *Danierov*, 2026 WL 45288, at *2. Mr. Pizha-Duchi was detained after residing in the United States for eight years without a bond hearing. Doc. 1 at 7. No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest. Finally, the Government's interest in detaining Mr. Pizha-Duchi without a bond hearing is limited. Moreover, the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

    **C.**    ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Pizha-Duchi is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the

4

noncitizen" to show that detention is unwarranted, Mr. Pizha-Duchi's "unlawful[] detention[] in violation of his constitutional rights" shifts that burden to the Government. *Salazar*, 2025 WL 2676729, at *6. This Court joins most other district courts in concluding that a noncitizen's "strong private interest in being free from civil detention" outweighs the Government's comparatively minimal burden to justify custody. *Id.* (collecting cases).

## IV.   Conclusion

The Court therefore grants Mr. Pizha-Duchi's petition, Doc. 1. The Court orders that the Government provide him with a bond hearing under § 1226(a) before an immigration judge within seven days of this Order. At that hearing, the Government must justify Mr. Pizha-Duchi's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release him. The Court further orders the Government to file a status report within ten days of this Order confirming that it has either provided Mr. Pizha-Duchi with a bond hearing or released him.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

5